IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

GURPREET ATWAL,

                                  CIV. S-10-1700 JAM KJM

       Plaintiff,

   v.                              STATUS (Pre-trial
                                     Scheduling) ORDER

SUNSWEET GROWERS, INC.

       Defendant.
_____/

      After review of the Joint Status Report, the court
makes the following order:

### SERVICE OF PROCESS

  All parties defendant to this lawsuit have been served and
no further service will be permitted except with leave of court,
good cause having been shown.

### JOINDER OF ADDITIONAL PARTIES/AMENDMENTS

  No further joinder of parties or amendments to pleadings is
permitted except with leave of court, good cause having been
shown.

1

1                      JURISDICTION AND VENUE

2      Jurisdiction and venue are not contested.

3              FICTITIOUSLY-NAMED DEFENDANTS

4      This action, including any counterclaims, cross-claims, and

5 third party complaints is hereby DISMISSED as to all DOE or other

6 fictitiously-named defendants.

7              MOTION HEARINGS SCHEDULES

8      All dispositive motions shall be filed by **September 7, 2011.**

9 Hearing on such motions shall be on **October 5, 2011** at 9:30 a.m.

10 in Courtroom #6.

11 **The parties are reminded of the notice requirements as outlined**

12 **in Local Rule 230(b).**

13      The time deadline for dispositive motions does not apply to

14 motions for continuances, temporary restraining orders or other

15 emergency applications.

16      **THE OPPOSITION AND REPLY MUST BE FILED BY 4:00 P.M. ON THE**

17 **DAY DUE.**

18      All purely legal issues are to be resolved by timely pre-

19 trial motions.  The parties are reminded that motions <u>in</u> <u>limine</u>

20 are procedural devices designed to address the admissibility of

21 evidence and are cautioned that the court will look with disfavor

22 upon substantive motions presented at the final pre-trial

23 conference or at trial in the guise of motions <u>in</u> <u>limine</u>.  The

24 parties are further cautioned that if any legal issue which

25 should have been tendered to the court by proper pre-trial motion

26 requires resolution by the court after the established law and

1  motion cut-off date, substantial sanctions may be assessed for
2  the failure to file the appropriate pre-trial motion.

3      **Unless prior permission has been granted, memoranda of law**
4  **in support of and in opposition to motions are limited to twenty-**
5  **five (25) pages, and reply memoranda are limited to ten (10)**
6  **pages.  The parties are also cautioned against filing multiple**
7  **briefs to circumvent this rule.**

8  <u>DISCOVERY</u>

9      All discovery shall be completed by **July 25, 2011.**  In this
10 context, "completed" means that all discovery shall have been
11 conducted so that all depositions have been taken and any
12 disputes relative to discovery shall have been resolved by
13 appropriate order if necessary and, where discovery has been
14 ordered, the order has been complied with.

15 <u>DISCLOSURE OF EXPERT WITNESSES</u>

16     The parties shall make expert witness disclosures under
17 Fed. R. Civ. P. 26(a)(2) by **April 15, 2011.**  Supplemental
18 disclosure and disclosure of any rebuttal experts under
19 Fed. R. Civ. P. 26(a)(2)(c) shall be made by **May 13, 2011.**

20     Failure of a party to comply with the disclosure schedule as
21 set forth above in all likelihood will preclude that party from
22 calling the expert witness at the time of trial absent a showing
23 that the necessity for the witness could not have been reasonably
24 anticipated at the time the disclosures were ordered and that the
25 failure to make timely disclosure did not prejudice any other
26 party.  See Fed. R. Civ. P. 37(c).

3

All experts designated are to be fully prepared at the time of designation to render an informed opinion, and give their reasons therefore, so that they will be able to give full and complete testimony at any deposition taken by the opposing parties.  Experts will not be permitted to testify at the trial as to any information gathered or evaluated, or opinion formed, after deposition taken subsequent to designation.

<u>JOINT MID-LITIGATION STATEMENTS</u>

Not later than fourteen (14) days prior to the close of discovery, the parties shall file with the court a brief joint statement summarizing all law and motion practice heard by the court as of the date of the filing of the statement, whether the court has disposed of the motion at the time the statement is filed and served, and the likelihood that any further motions will be noticed prior to the close of law and motion.  The filing of this statement shall not relieve the parties or counsel of their obligation to timely notice all appropriate motions as set forth above.

<u>FINAL PRE-TRIAL CONFERENCE</u>

The final pre-trial conference is set for **November 18, 2011** at **2:00** p.m.  In each instance an attorney who will try the case for a given party shall attend the final pretrial conference on behalf of that party; provided, however, that if by reason of illness or other unavoidable circumstance the trial attorney is unable to attend, the attorney who attends in place of the trial attorney shall have equal familiarity with the case and equal

1 authorization to make commitments on behalf of the client.  All
2 pro se parties must attend the pre-trial conference.

3    Counsel for all parties and all pro se parties are to be
4 fully prepared for trial at the time of the pre-trial conference,
5 with no matters remaining to be accomplished except production of
6 witnesses for oral testimony.  The parties shall file with the
7 court, no later than seven days prior to the final pre-trial
8 conference, a joint pre-trial statement.
9 **Also at the time of filing the Joint Pretrial Statement, counsel**
10 **are requested to e-mail the Joint Pretrial Statement in WPD or**
11 **Word format to Judge Mendez's assistant, Jane Pratt**
12 **at: jpratt@caed.uscourts.gov.**

13    Where the parties are unable to agree as to what legal or
14 factual issues are properly before the court for trial, they
15 should nevertheless list all issues asserted by any of the
16 parties and indicate by appropriate footnotes the disputes
17 concerning such issues.  The provisions of Local Rule 16-281
18 shall, however, apply with respect to the matters to be included
19 in the joint pre-trial statement.  Failure to comply with Local
20 Rule 16-281, as modified herein, may be grounds for sanctions.

21    The parties are reminded that pursuant to Local Rule
22 16-281(b)(10) and (11) they are required to list in the final
23 pre-trial statement all witnesses and exhibits they propose to
24 offer at trial, no matter for what purpose.  These lists shall
25 not be contained in the body of the final pre-trial statement
26 itself, but shall be attached as separate documents so that the

1  court may attach them as an addendum to the final pre-trial

2  order.  The final pre-trial order will contain a stringent

3  standard for the offering at trial of witnesses and exhibits not

4  listed in the final pre-trial order, and the parties are

5  cautioned that the standard will be strictly applied.  On the

6  other hand, the listing of exhibits or witnesses that a party

7  does not intend to offer will be viewed as an abuse of the

8  court's processes.

9       The parties are also reminded that pursuant to Rule 16,

10 Fed. R. Civ. P., it will be their duty at the final pre-trial

11 conference to aid the court in: (a) formulation and

12 simplification of issues and the elimination of frivolous claims

13 or defenses; (b) settling of facts which should properly be

14 admitted; and (c) the avoidance of unnecessary proof and

15 cumulative evidence.  Counsel must cooperatively prepare the

16 joint pre-trial statement and participate in good faith at the

17 final pre-trial conference with these aims in mind.  A failure to

18 do so may result in the imposition of sanctions which may include

19 monetary sanctions, orders precluding proof, elimination of

20 claims or defenses, or such other sanctions as the court deems

21 appropriate.

22

23                        TRIAL SETTING

24      Jury trial in this matter is set for **January 9, 2012** at

25 9:00 a.m.  The parties estimate a trial length of approximately 5

26 to 6 days.

1

## SETTLEMENT CONFERENCE

2       No Settlement Conference is currently scheduled.  If the

3   parties wish to have a settlement conference, one will be

4   scheduled at the final pretrial conference or at an earlier time

5   upon request of the parties.

6

7

## OBJECTIONS TO STATUS (PRETRIAL SCHEDULING) ORDER

8       This Status Order will become final without further Order of

9   Court unless objection is lodged within seven (7) days of the

10  date of the filing of this Order.

11      IT IS SO ORDERED.

12  Dated:  August 31, 2010

13

14                        /s/ John A. Mendez
                      JOHN A. MENDEZ

15                        United States District Judge

16

17

18

19

20

21

22

23

24

25

26